# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-2250-JFW-KES | Date | June 14, 2017 |
| Title | Jason Scott Harper v. David Davey | | |

Present: The Honorable    Karen E. Scott, United States Magistrate Judge

| Jazmin Dorado | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**          (In Chambers) re Order to Show Cause Why Petition Should Not Be Dismissed As Mixed

On October 26, 2016, Jason Scott Harper ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his sentence of life without parole.   (Dkt. 1 or "Petition.")   Petitioner raises two grounds: (1) on resentencing, the trial court violated Miller v. Alabama (id. at 29-35); and (2) the Eighth Amendment categorically bars sentences of life without parole for juveniles who did not kill or intend to kill per the findings of a jury (id. at 35-39).

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.   Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002).   A federal claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.   Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971).   As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it.   Rose v. Lundy, 455 U.S. 509, 518-19 (1982).   A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte.   Stone v. City and Cty. of S.F., 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended).   Petitioner has the burden of demonstrating he has exhausted available state remedies.   Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Ct., 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

It appears that Ground Two is unexhausted.   Petitioner has never raised Ground Two to the California Supreme Court.[1]   In his first petition for review to the California Supreme Court,

---

1 Respondent does not argue that Petitioner's second ground is unexhausted.   (See Dkt. 14 at 2.)   "When the State answers a habeas corpus petition, it has a duty to advise the district court whether the prisoner has, in fact, exhausted all available state remedies…[T]here are exceptional cases in which the State fails, whether inadvertently or otherwise, to raise an arguably meritorious nonexhaustion defense.   The State's omission in such a case makes it appropriate for the [court] to

**CIVIL MINUTES - GENERAL**

Case No.     EDCV 16-2250-JFW-KES                    Date    June 14, 2017

Title         Jason Scott Harper v. David Davey

Petitioner argued that his sentence violated the Eighth Amendment; however, he premised this argument on the theory that two statutory principles of viarious liability, operating together in his particular circumstances, resulted in an unconstitutional sentence.   (See LD 25 at 23-24.)    In his second petition for review to the California Supreme Court (following resentencing), Petitioner again argued that his sentence violated the Eighth Amendment; this time, however, he argued that the trial court had not followed the sentencing process set out in Miller.    (See LD 8 at 23-45.) Petitioner has never argued to the California Supreme Court, as he does in the Petition, that the Eighth Amendment categorically prohibits sentencing juveniles who "neither killed nor specifically intended to kill" to life without parole.    (See Petition at 35.)

     If Ground Two of the Petition is unexhausted, then Petitioner's inclusion of that claim renders the Petition "mixed," containing both an exhausted and an unexhausted claim.    Mixed petitions must generally be dismissed.    Lundy, 455 U.S. at 522; Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").   In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust any unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005).    For a Rhines stay, the petitioner must show (1) good cause for his failure to earlier exhaust the claim in state court, (2) that the unexhausted claim is not "plainly meritless," and (3) that he has not engaged in "abusive litigation tactics or intentional delay."[2]    Id. at 277-78.

     IT THEREFORE IS ORDERED that on or before July 14, 2017, Petitioner shall do one of the following:

  (1) request that Ground Two of the Petition be dismissed without prejudice, in which case the Court will proceed to address Ground One;

  (2) file a stay-and-abey motion if he believes he can make the required showings under Rhines, so that he may present Ground Two to the California Supreme Court;

-------------------------------------------------------------

take a fresh look at the issue."    Granberry v. Greer, 481 U.S. 129, 134 (1987).

     2 The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay.   See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014).   The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances."   Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017); Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).   Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust.   Blake, 745 F.3d at 982.   It is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements, and in any event, he has not requested a stay of these proceedings.

**CIVIL MINUTES - GENERAL**

Case No.    EDCV 16-2250-JFW-KES                    Date    June 14, 2017

Title    Jason Scott Harper v. David Davey

(3) request that Ground Two of the Petitioner be dismissed without prejudice and that he be allowed to seek a stay of the then-fully exhausted Petition under <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) (allowing for stays of fully exhausted federal petitions without showing of good cause), with the understanding that he will be allowed to amend any newly exhausted claims back into the Petition only if the claims are timely or "relate back" to the original exhausted claim, <u>see</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 664 (2005);[3]  or

(4) explain why he believes that Ground Two was exhausted in the California Supreme Court.

Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.

Initials of Clerk    JD

---

    3  If Petitioner elects Option 2 or Option 3, he may, even before filing his requests with the Court, immediately file a habeas petition with the California Supreme Court, raising his unexhausted claim.